IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00575-CMA-BNB

HERMAN BARNES, JR.,

Plaintiff,

v.

ALLRED,

Defendant.

_____

**ORDER**
_____

This matter arises on several papers filed by the plaintiff (the "Papers"):

(1)   A letter addressed to Judge Brimmer[1] complaining that prison staff failed to bring him a "resource" that helps him "to stop losing weight" [Doc. #19, filed 07/20/2011];

(2)   An uncaptioned paper titled "Motion" which states that the doctor is discontinuing the plaintiff's hepatitis treatment and that he would "like to go forward" with this case[2] [Doc. #24, filed 08/03/2011];

(3)   An uncaptioned paper titled "Motion" which informs the court that the medical records office is refusing to send the plaintiff copies of various records [Doc. #25, filed 08/03/2011]; and

---

[1] Judge Arguello is the district judge assigned to this case. It is unclear why the plaintiff addressed the letter to Judge Brimmer.

[2] The plaintiff's motion to stay the case was denied on July 27, 2011 [Doc. #23].

(4)  A letter to the Clerk's Office which states that the prison's financial management department failed to send him copies of his account statement.

The Papers are inappropriate for several reasons.  None of the Papers seek relief from the court.  The plaintiff may not simply file materials with the court.  To seek relief, "[a] request for a court order must be made by motion.  The motion must . . . state with particularity the grounds for seeking the order[] and . . . state the relief sought."  Fed. R. Civ. P. 7(b)(1).  Moreover, "[t]he rules governing captions and other matters of form in pleadings apply to motions and other papers."  Fed. R. Civ. P. 7(b)(2).  The plaintiff may not submit letters and uncaptioned motions.

The plaintiff does not certify that he served a copy of the Papers on counsel for the defendants.  Copies of papers filed in this court must be served on counsel for all other parties (or directly on any party acting *pro se*) in compliance with Fed. R. Civ. P. 5.  Rule 5 provides that all pleadings filed after the original complaint and all written motions, notices, demands, or any similar paper must be served on every party.  Fed. R. Civ. P. 5(a).  "If a party is represented by an attorney, service under this rule must be made on the attorney . . . ."  Fed. R. Civ. P. 5(b).  Service upon other parties may be by mail.  Id.  Proof that service has been made is provided by a certificate of service.  Id. at 5(d).  This certificate should be filed along with the original papers and should show the day and manner of service.  Id.

In addition, Doc. #19 is addressed to Judge Brimmer.  The local rules of this Court prohibit ex parte communication with judicial officers:

> In the absence of previous authorization, no attorney or party to any proceeding shall send letters, pleadings or other papers or copies directly to a judicial officer.  Unless otherwise instructed, all matters to be called to a judicial officer's attention shall be submitted through the clerk, with copies served on all other parties or their attorneys.

D.C.COLO.LCivR 77.2.

IT IS ORDERED:

(1) Docs. #19, 24, 25, and 26 are STRICKEN;

(2) The plaintiff shall cease filing notifications to the court. Any future applications to the court for relief shall be submitted in the form of a motion in compliance with Rule 7;

(3) All papers shall be served on counsel for the defendants in accordance with Rule 5 and shall be accompanied by a proper Certificate of Service; and

(4) Failure to comply with this order may result in sanctions, including dismissal of this case.

Dated August 5, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge