IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-00575-CMA-BNB

HERMAN BARNES, JR.,

Plaintiff,

v.

ALLRED,

Defendant.

_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on **Defendant's Motion for Summary Judgment** [Doc. #31, filed 08/11/2011] (the "Motion"). I respectfully RECOMMEND that the Motion be GRANTED.

**I. STANDARD OF REVIEW**

The plaintiff is proceeding *pro se*, and I must liberally construe his pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence. Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970). Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). A genuine issue of material fact exists "if the evidence is such that a

reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324. Only admissible evidence may be considered when ruling on a motion for summary judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II. BACKGROUND

The plaintiff is currently incarcerated by the Federal Bureau of Prisons ("BOP") at the United States Penitentiary Administrative Maximum in Florence, Colorado ("ADX"). The plaintiff filed his Prisoner Complaint on March 8, 2011 [Doc. #1] (the "Complaint"). The Complaint asserts one claim against Dr. Allred, the Clinical Director of ADX, for failing to treat the plaintiff's hepatitis.

## III. ANALYSIS

The defendants assert that the Complaint must be dismissed because the plaintiff has failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act (the

"PLRA"). *Motion*, pp. 7-13. Because the plaintiff's claim challenges prison conditions, it is governed by the PLRA. 42 U.S.C. § 1997e(a). The PLRA provides:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Id.

The Supreme Court has interpreted section 1997e(a) to require, prior to filing a lawsuit, that the inmate exhaust all available administrative remedies whether the inmate is seeking injunctive relief, monetary damages, or both. Booth v. Churner, 532 U.S. 731 (2001). The Supreme Court has stated: "[W]e stress the point . . . that we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." Id. at 741 n.6.

The Tenth Circuit Court of Appeals reiterated the importance of the exhaustion requirement in Steele v. Federal Bureau of Prisons, 355 F.3d 1204 (10th Cir. 2003):

> The administrative review by correction officials is intended to reduce the quantity and improve the quality of prisoner suits. It should correct problems in meritorious cases, filter out some frivolous claims, and, in any event, facilitate adjudication by clarifying the contours of the controversy.
>
> Under the plain statutory language and the Supreme Court case law, the substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court.

Id. at 1207 (citations and internal quotations omitted).

Section "1997e(a) gives prisons and their officials a valuable entitlement--the right *not* to face a decision on the merits." Id. at 1212-13 (emphasis in original) (citations and internal

quotations omitted). Thus, the plaintiff may not bring this action unless he has exhausted all of the administrative remedies available to him through the BOP.

Under the BOP grievance procedures, an inmate must first attempt an informal resolution. 28 C.F.R. § 542.13(a). If unable to resolve his complaint, an inmate may then submit a request to the Warden. 28 C.F.R. § 542.14(a). If dissatisfied with the Warden's response, the inmate may appeal to the appropriate Regional Director. 28 C.F.R. § 542.15(a). If dissatisfied with the Regional Director's response, the inmate may appeal to the Director, National Inmate Appeals, in the Office of the General Counsel in Washington, D.C. Id.

Each level of grievance is logged into a computer system. If the grievance is an initial filing, it receives a unique "Remedy ID Number" which follows the grievance throughout the appeal process. Each "Remedy ID Number" contains an extension that identifies the level of review. The extension "F-1" indicates that the grievance was filed with the Warden at the institutional level. An "R-1" extension indicates that the grievance was filed at the regional level, and an "A-1" extension indicates an appeal filed at the national level. *Motion*, Ex. 1, ¶¶ 8-9.

The Complaint alleges that the defendant "allowed a year and eight months to pass before sending the plaintiff to St. Thomas More Hospital for the liver biopsy"; after the biopsy he was diagnosed with stage 4 cirrhosis "with grade-3 activity"; and the medical report stated to "proceed quickly with work-up to submit for treatment which the defendant have [sic] not done almost three months after the plaintiff [sic] liver biopsy." *Complaint*, p. 4.

The plaintiff states that he exhausted his administrative remedies when he submitted grievances with the Remedy ID Number 527409-F1, R1, and A1. *Response*, p. 3. Grievance #527409-F1 was submitted to the Warden on February 18, 2009, and states:

4

> Almost five months after I was examined to see if prostate cancer was causing me pain in my left side whenever I get out of bed or favor my left side, not only am I still experiencing the pain in my left side, I am now experiencing a loss of blood circulation in my left side whenever I wake up in the middle of the night to urinate. The fact of the matter is, the P.A. did not know what is causing the pain in my left side so nothing has been done to relieve the pain in my left side. So for legal purposes I would like a copy of the medical examination report that I had regarding this matter because either my kidney is swollen or the mattress is causing me the pain in my left side.

*Response*, p. 12.

The Warden denied the grievance on March 11, 2009. He stated in part that the plaintiff was "scheduled to see the Clinical Director for Chronic Care Clinic in the near future" and to discuss his concerns during that appointment. Id. at p. 14.

The plaintiff submitted the following regional appeal on March 18, 2009:

> As of the date on this administrative remedy BP-10 to you, I have had two chronic care check ups, and at each one of them I have complained about the pain in my left side and was informed each time by the Physician Assistant examining me that they did not know what was causing me the pain in my side. And now Warden Wiley response to this BP-10 indicates that I am going to have to wait another six months chronic care or longer to see the Clinical Director for the pain.

Id. at p. 15.

The Regional Director denied the appeal on April 27, 2009. He stated that the plaintiff was last evaluated for abdominal pain on February 27, 2009, and is scheduled for a Chronic Care Evaluation in the near future. Id. at p. 16.

The plaintiff appealed to the Central Office on May 12, 2009. He stated:

> In regard to the Regional Director response, I sent a copy out to sick call on April 21, 2009 and on May 4, 2009. And as of the [date] of this administrative remedy to you about the pain in my

5

>left side, and I have not been seen by anyone from Health Service about it.

Id. at p. 17.

The Central Office responded that the plaintiff had received evaluation for abdominal pain; his examination on February 27, 2009, was unremarkable for abdominal pain; his abdominal examination on July 17, 2009, was normal; and a liver biopsy had been requested to determine if his hepatitis infection meets the criteria for treatment with interferon. Id. at p. 18.

The Tenth Circuit Court of Appeals held that "a grievance satisfies the § 1997e(a)'s exhaustion requirement so long as it provides prison officials with enough information to investigate and address the inmates's complaint internally." Kikumura v. Osagie, 461 F.3d 1269, 1285 (10th Cir. 2006) (overruled on other grounds).

The plaintiff's grievances did not provide prison officials with sufficient information to investigate and address his claim that Dr. Allred failed to provide him with a timely liver biopsy and timely treatment for his hepatitis. Even if the cause of the plaintiff's abdominal pain is ultimately traced to his hepatitis infection, his general complaints of untreated abdominal pain were not sufficient to put prison officials on notice that Dr. Allred was wrongfully denying him a liver biopsy and hepatitis treatment.

Indeed, on February 23, 2011, the plaintiff did submit an F-1 grievance to the Warden specifically addressing the fact that he had a liver biopsy; he was diagnosed with Stage 4 cirrhosis; the doctor recommended that a work up be performed quickly; and Doctor Allred was "deliberately putting [his] life in danger" because he was not proceeding quickly with the work up. *Motion*, Ex. 1, ¶ 12; Attachment 3. The grievance was informally resolved on March 4, 2011, when plaintiff began hepatitis treatment. Id. Thus, when the plaintiff provided prison

6

officials with sufficient information to investigate his need for hepatitis treatment, the treatment was provided.

The plaintiff now states that the treatment has been stopped because it was not working and the defendant should have begun treatment for his hepatitis "years ago." *Response*, p. 4. However, there is no evidence that the plaintiff exhausted administrative remedies seeking treatment for his hepatitis "years ago." The only evidence is that the plaintiff filed a grievance to the Warden seeking treatment on February 23, 2011, and treatment was started on March 4, 2011.

The plaintiff has failed to create a material factual dispute regarding whether he exhausted his administrative remedies as to the claim he is asserting in his Complaint. Accordingly, the Motion should be granted and the Complaint should be dismissed without prejudice. Kikumura, 461 F.3d at 1290 (stating that a dismissal for failure to exhaust should be without prejudice unless the claim has been properly rejected by the prison grievance system on procedural grounds).

## IV.  CONCLUSION

I respectfully RECOMMEND that Defendant's Motion for Summary Judgment [Doc. #31] be GRANTED and that the Complaint be DISMISSED WITHOUT PREJUDICE.

FURTHER, IT IS ORDERED that pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated September 26, 2011.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge